UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
----------------------------X
                            :
UNITED STATES OF AMERICA,    :
                            :    09-CR-270 (SJ)
         v.                 :
                            :    July 29, 2010
CARLOS ANDRES MESA CARRILLO, :
                            :    Brooklyn, New York
            Defendant.      :
                            :
----------------------------X
```

TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
BEFORE THE HONORABLE MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Government:            LORETTA LYNCH, ESQ.
                               UNITED STATES ATTORNEY
                               BY: CAROLYN POKORNY, ESQ.
                               ASSISTANT U.S. ATTORNEY
                               271 Cadman Plaza East
                               Brooklyn, New York  11201


For the Defendant:             ALESSANDRA DEBLASIO, ESQ.




Audio Operator:


Court Transcriber:             ARIA TRANSCRIPTIONS
                               c/o Elizabeth Barron
                               375 Salt Point Turnpike,#5D
                               Poughkeepsie, NY 12603
                               (215) 767-7700



Proceedings recorded by electronic sound recording,
transcript produced by transcription service

1          THE CLERK:  Criminal Docket 09-270, <u>United States</u>

2     <u>v. Mesa Carrillo.</u>

3          Counsel, please state your appearances for the

4     record starting with the government?

5          MS. POKORNY:  Carolyn Pokorny for the government.

6     Good afternoon, your Honor.

7          MS. DEBLASIO:  Good afternoon, your Honor.

8     Alessandra DeBlasio for defendant Mesa Carrillo.

9          THE COURT:  I understand your client is prepared

10    to waive indictment and plead guilty pursuant to a written

11    plea agreement

12         MS. DEBLASIO:  Yes, that's correct, your Honor.

13         THE COURT:  Let me ask our interpreter to please

14    identify herself for the record.

15         THE INTERPRETER:  Patricia Triana.

16         THE COURT:  Have you been previously sworn?

17         THE INTERPRETER:  Yes, your Honor.

18         THE COURT:  Good afternoon, Mr. Mesa Carrillo.

19         THE DEFENDANT:  Good afternoon.

20         THE COURT:  Now, as you may know, your case has

21    been assigned to Judge Johnson, and he's the district judge

22    who will make the ultimate decision whether to accept any

23    guilty plea in this case, and if he does, he will be the

24    judge who will sentence you.

25         I understand that you will be pleading guilty to

an information.

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Now, under our Constitution, you have a right to be charged by indictment of a grand jury.  What that means is that the government may not proceed on a felony charge unless a grand jury finds by return of an indictment that there is probable cause that a crime has been committed by you.  If you do not waive indictment, the government will be required to present the case to a grand jury and to ask it if there's sufficient evidence to indict you.

Now, a grand jury is composed of at least 16 and not more than 23 persons, and at least 12 grand jurors must find that there is probable cause to believe that you've committed a crime with which you're charged before it will indict you.  The grand jury might or might not indict you.

If you waive indictment by the grand jury, the case will proceed against you in criminal information signed by the United States Attorney just as if you'd been indicted.

Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Have you discussed waiving indictment by the grand jury with your attorney?

THE DEFENDANT:  Yes, your Honor.

 1          THE COURT:  Have you reviewed this form entitled

 2   "Waiver of Indictment" with your attorney with the

 3   assistance of an interpreter?

 4          THE DEFENDANT:  Yes, your Honor.

 5          THE COURT:  Counselor, has that been translated by

 6   an attorney or at least the contents of the indictment

 7   discussed with the assistance of an interpreter?

 8          MS. DEBLASIO:  Yes.  I translated the document for

 9   my client.  My client also reads and understands English and

10   could ask questions if needed.

11          THE COURT:  Is this your signature on the Waiver

12   of Indictment form?

13          THE DEFENDANT:  Yes, your Honor.

14          THE COURT:  Now, the waiver of indictment refers

15   to an information, charges relating to bribery in violation

16   of section 201 of the criminal code, as well as witness

17   retaliation.

18          Have you had an opportunity to review the

19   superceding information with your attorney that you are

20   waiving indictment to?

21          THE DEFENDANT:  Yes, your Honor.

22          THE COURT:  Do you waive indictment voluntarily

23   and of your own free will?

24          THE DEFENDANT:  Yes, your Honor.

25          THE COURT:  I understand that you will be pleading

1  guilty to the two counts in the indictment, as well as

2  agreeing to criminal forfeiture.  You have the absolute

3  right to plead guilty before Judge Johnson, and if you

4  choose to do so, that will be without any prejudice to you.

5          Do you understand?

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  Now, Judge Johnson has referred your

8  guilty plea to me, and I have a form entitled "Consent to

9  Proceed before United States Magistrate Judge."

10          Have you has an opportunity to review this consent

11  form with your attorney?

12          THE DEFENDANT:  Yes, your Honor.

13          THE COURT:  Do you understand it?

14          THE DEFENDANT:  Yes, your Honor.

15          THE COURT:  Do you give your consent voluntarily

16  and of your own free will to having me hear your plea?

17          THE DEFENDANT:  Yes, your Honor.

18          THE COURT:  And is this your signature on the

19  consent form?

20          THE DEFENDANT:  Yes, your Honor.

21          THE COURT:  Since the Court must be certain that

22  you understand your rights and the consequences of any

23  guilty plea, I will explain certain matters to you and ask

24  you questions.  If I say anything you don't understand,

25  please say so and I will re-word; is that clear?

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  First, I'm going to ask you to take an

3    oath.

4          THE CLERK:  Please raise your right hand.

5          (Defendant is sworn)

6          THE COURT:  Mr. Mesa Carrillo, you have just taken

7    an oath to tell the truth.  Do you understand that if you

8    answer any of my questions falsely, your answers may later

9    be used against you in another criminal prosecution for

10   perjury or making a false statement?

11         THE DEFENDANT:  Yes, your Honor.

12         THE COURT:  What is your full name?

13         THE DEFENDANT:  Carlos Andres Mesa Carrillo.

14         THE COURT:  What schooling or education have you

15   had?

16         THE DEFENDANT:  University studies.

17         THE COURT:  Have you had any difficulty

18   communicating with your attorney?

19         THE DEFENDANT:  No, your Honor.

20         THE COURT:  Ms. DeBlasio, have you had any

21   problems communicating with your client?

22         MS. DEBLASIO:  No, your Honor.

23         THE COURT:  I assume you're fluent in Spanish?

24         MS. DEBLASIO:  I never say fluent about anything

25   but English, so -- but I speak it well enough to

1    communicate, yes, your Honor.

2            THE COURT:  Mr. Mesa Carrillo, are you presently

3    or have you recently been under the care of a doctor or a

4    psychiatrist?

5            THE DEFENDANT:  No, your Honor.

6            THE COURT:  Have you ever been hospitalized or

7    treated for any mental illness or addiction to drugs,

8    alcohol, or any other substance?

9            THE DEFENDANT:  No, your Honor.

10           THE COURT:  In the past 24 hours, have you taken

11    any pills, medicine, or drugs of any kind, or drunk any

12    alcoholic beverages?

13           THE DEFENDANT:  No, your Honor.

14           THE COURT:  Is your mind clear as you stand here

15    today?

16           THE DEFENDANT:  Yes, your Honor.

17           THE COURT:  Do you understand the nature of these

18    proceedings?

19           THE DEFENDANT:  Yes, your Honor.

20           THE COURT:  Ms. DeBlasio, have you discussed the

21    question of a guilty plea with your client?

22           MS. DEBLASIO:  Yes, your Honor.

23           THE COURT:  In your view, does he understand the

24    rights he would be waiving by pleading guilty?

25           MS. DEBLASIO:  Yes, your Honor.

1          THE COURT:  Is he capable of understanding the

2   nature of these proceedings?

3          MS. DEBLASIO:  Yes, your Honor.

4          THE COURT:  Do you have any doubts as to his

5   competency to proceed?

6          MS. DEBLASIO:  I have no doubts, your Honor.

7          THE COURT:  Have you advised him of the penalties

8   that can be imposed and discussed the applicable sentencing

9   considerations, including the sentencing guidelines?

10          MS. DEBLASIO:  Yes, we have discussed all of that.

11          THE COURT:  Mr. Mesa Carrillo, Have you had a full

12   opportunity to discuss your case with your attorney?

13          THE DEFENDANT:  Yes, your Honor.

14          THE COURT:  Are you satisfied with your attorney

15   and the assistance she's given you thus far in this matter?

16          THE DEFENDANT:  Yes, your Honor.

17          THE COURT:  Now, I know you've told me you've

18   discussed the superceding information in this matter with

19   your attorney, but let me just go over the charges, the two

20   counts that you will pleading guilty to.

21          In count one you're charged with the bribery of a

22   public official, and more specifically the following:  That

23   on or about and between January 1, 1995 and January 21,

24   2007, you, also known as Ricardo, being a public official

25   and more specifically a Colombian law enforcement official

1   acting for and on behalf of the United States, did knowingly

2   and intentionally and corruptly demand, seek, receive,

3   accept, and agree to receive and accept, things of value;

4   and more specifically, United States and Colombian currency,

5   watches, and a motor vehicle; and you did so in return for

6   being influenced in the performance of one or more official

7   acts and being induced to do or omit one or more acts.  And

8   all of this conduct is in violation of your official duty.

9           Do you understand the charge in count one?

10          THE DEFENDANT:  Yes, your Honor.

11          THE COURT:  In count two, you're charged with

12  retaliating against a witness; and, specifically, that

13  charges relates to the same time period between 1995 and

14  2007.  And you're charged with having knowingly and

15  intentionally engaged in conduct and thereby cause bodily

16  harm to an unnamed person, whose identity is known to the

17  United States Attorney, with the intent to retaliate against

18  this unknown female for providing to a law enforcement

19  officer information relating to the commission and possible

20  commission of federal offenses.

21          Do you understand that charge?

22          THE DEFENDANT:  Yes, your Honor.

23          THE COURT:  Then I will discuss with you what

24  rights you would be waiving by pleading guilty to these two

25  counts.

1    Now, the first and most important thing you have

2  to understand is that you have a right to plead not guilty

3  to the charges in the superceding information and to persist

4  in your plea.  Under the Constitution and laws of the United

5  States, you would then have a right to a speedy and public

6  trial before a jury, with the assistance of your attorney.

7    Do you understand?

8    THE DEFENDANT:  Yes, your Honor.

9    THE COURT:  You are presumed to be innocent and

10 would not have to prove that you were innocent.  At trial,

11 the burden would be on the government to prove beyond a

12 reasonable doubt that you guilty of the crimes charged.  And

13 the government would have to do so with respect to every

14 party of each count.

15    So, specifically with respect to count one, the

16 government would have to prove that during the time period

17 specified, that you did knowingly act in a way to demand and

18 receive things of value; that you were a Colombian law

19 enforcement official, as noted; and that you acted corruptly

20 in return for being influenced in the performance of your

21 official duties or failing to act in your official duty.

22    If the government failed to present sufficient

23 evidence on every part of this charge, the jury would have

24 the duty to find you not guilty.  And, likewise, if the

25 government failed to present beyond a reasonable doubt each

1 and every part of the second charge regarding witness

2 retaliation, the jury would find you not guilty on that

3 charge.

4 　　　　Do you understand?

5 　　　　THE DEFENDANT:  Yes, your Honor.

6 　　　　THE COURT:  In the course of a trial, witnesses

7 for the government would have to come to court and testify

8 in your presence.  Your lawyer would have the right to

9 cross-examine the witnesses for the government, to object to

10 evidence offered by the government, and to offer evidence in

11 your behalf.

12 　　　　Do you understand?

13 　　　　THE DEFENDANT:  Yes, your Honor.

14 　　　　THE COURT:  Although you have the right to testify

15 at trial, you cannot be compelled to testify and incriminate

16 yourself.  If you decided not to testify, the Court would

17 instruct the jury that they could not hold that against you.

18 　　　　Do you understand?

19 　　　　THE DEFENDANT:  Yes, your Honor.

20 　　　　THE COURT:  If you plead guilty, I will ask you

21 questions about what you did in order to satisfy myself that

22 you guilty of the charge to which you seek to plead guilty,

23 and you will have to answer my questions and acknowledge

24 your guilt.  Thus, you will be giving up the right that I've

25 just described, that is the right not to say anything that

1 would show you are guilty of the crime with which you are

2 charged.

3     Do you understand?

4     THE DEFENDANT:  Yes, your Honor.

5     THE COURT:  If you plead guilty and the Court

6 accepts your guilty plea, you will be giving up your right

7 to a trial and all the other rights I've just discussed.

8 There will be no trial, and the Court will simply enter a

9 judgment of guilty based on your plea.

10     Do you understand?

11     THE DEFENDANT:  Yes, your Honor.

12     THE COURT:  Are you willing to give up your right

13 to a trial and the other rights I have just discussed with

14 you?

15     THE DEFENDANT:  Yes, your Honor.

16     THE COURT:  I have in my hand a 14-page document

17 with respect to your guilty plea, and this agreement has

18 been marked Court Exhibit 1 because I understand you will be

19 pleading guilty pursuant to this written agreement.

20     Could you please take a look at Court Exhibit 1.

21     THE INTERPRETER:  Your Honor, the interpreter

22 requests everyone to raise their voices please.

23     THE COURT:  Okay.  My judicial mumble is worse

24 than usual.

25     Have you had an opportunity to read Court Exhibit

1 in its entirety?

        THE DEFENDANT:  Yes, your Honor.

        THE COURT:  Have you discussed it fully with your attorney?

        THE DEFENDANT:  Yes, your Honor.

        THE COURT:  Do you understand each and every provision of this agreement?

        THE DEFENDANT:  Yes, your Honor.

        THE COURT:  Have there been any portions of the agreement that you've had difficulty understanding without an assistance of an interpreter?

        THE DEFENDANT:  No, your Honor.

        THE COURT:  So you feel you need to have each and every provision of this agreement translated for you?

        THE DEFENDANT:  No, your Honor.

        THE COURT:  Now, this agreement provides that you will plead guilty to the charges in the information we discussed.  It sets forth various sentencing considerations and other terms with respect to your guilty plea.

        Is that your signature on page 14 of the agreement?

        THE DEFENDANT:  Yes, your Honor.

        THE COURT:  Does the agreement as written fully and accurately reflect your understanding of the agreement that you've reached with the government?

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Other than the promises contained in

3    this written agreement, has anyone made any other promises

4    that have caused you to plead guilty?

5          THE DEFENDANT:  No, your Honor.

6          THE COURT:  Has anyone made any promises as to

7    what your sentence will be?

8          THE DEFENDANT:  No, your Honor.

9          THE COURT:  Then let me discuss with you the

10   consequences of pleading guilty.

11         The statute you're accused of violating in count

12   one of the superceding information provides for a term of

13   imprisonment from zero to 15 years for bribery.  And in

14   count two, you're charged with witness retaliation.  The

15   applicable statute provides for a term of imprisonment from

16   zero to 20 years.

17         As set forth in the plea agreement, any sentence

18   imposed on these two counts could be imposed to run

19   consecutively.  In determining the sentence to impose, Judge

20   Johnson will consider the guidelines issued by the United

21   States Sentencing Commission and the other factors specified

22   by Section 3553 of the Criminal Code to determine whether to

23   impose a sentence within the guideline range.

24         The other facts that he will consider include the

25   nature and circumstances of the crimes committed, your

1  characteristics and criminal history, and the public

2  interest in the sentence.  Prior to sentencing, the Court

3  will receive a pre-sentence report containing information

4  about those factors and the applicable sentencing

5  guidelines.  You and your lawyer will have the opportunity

6  to see that report and to speak on your behalf at

7  sentencing.

8         Do you understand?

9         THE DEFENDANT:  Yes, your Honor.

10        THE COURT:  Have you discussed the sentencing

11  commission guidelines with your attorney and how they might

12  apply to your case?

13        THE DEFENDANT:  No, your Honor.

14        MS. DEBLASIO:  Perhaps your Honor could ask the

15  question again.  We've had a lot of discussions about the

16  guidelines, so I imagine he didn't understand the question.

17        THE INTERPRETER:  Your Honor, I'm sorry.  I didn't

18  hear the question.

19        THE COURT:  I'm sorry.  Let me ask the question

20  again.

21        Have you discussed the sentencing guidelines that

22  may be applicable to your case?

23        THE DEFENDANT:  Yes, your Honor.

24        THE COURT:  As the plea agreement makes clear, the

25  guidelines are advisory; and as I've mentioned, it will be

1  based on a number of factors that are specified by statute.

2          I would like the attorneys here, if they are able

3  to, to give me their best estimate of what the likely range

4  of sentencing guideline will be in this case.

5          MS. POKORNY:  Your Honor, I came up with a

6  ballpark estimate of an adjusted offense level of 38, which

7  in criminal history one would carry a guideline range of 168

8  to (ui) months.

9          MS. DEBLASIO:  And if I may, our guideline

10 calculation is quite a bit lower.  There may be some double

11 counting, whether the statute would charge him as an

12 official, then they would have the adjustment for him being

13 an official act.  So there's a reasonable amount of

14 discrepancy over the possibility, but if you ask for a

15 range, I would say 28 to 38.

16         THE COURT:  And that would result in a sentencing

17 range of what?  Let me see.

18         MS. DEBLASIO:  A level 28 is 78 to 97 months.

19         THE COURT:  Right, okay.

20         Now, as you can see the calculation of the

21 guidelines is complicated, and ultimately those calculations

22 that you heard the attorneys estimate could be wrong or

23 could change based on new facts obtained and new

24 circumstances.  Until a pre-sentence report is prepared and

25 the Court hears from you, your lawyer, and the government

attorney at sentencing, we will not know with any certainty

what the guidelines will be or whether or not there will be

grounds to depart from them, or whether or not Judge Johnson

will impose a sentence within the guideline or a non-

guideline sentence.

Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  What's important to keep in mind,

though, is irrespective of the guideline range he determines

and the sentence he imposes, you have agreed to plead

guilty.  So if your sentence is higher than recommended or

expected, you will not be able to withdraw your guilty plea.

Is that clear?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  In addition to imprisonment, you may

be sentenced to supervised release.  Supervised release

means that after you are released from prison, your

activities will be supervised by the probation department,

and there may be many restrictions placed on your liberty,

such as travel limitations, requirements that you report

regularly to a probation officer, prohibitions on carrying

guns, and the like.

And if you are deported or removed from the United

States, and that is also a circumstance that's discussed in

the plea agreement, a condition of supervised release could

1   be that you not reenter the United States.

2          Do you understand the nature of supervised

3   release?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  The applicable statutes provide for a

6   supervised release term with respect to each count of up to

7   three years.

8          What's important to keep in mind is that if you

9   violate the conditions of release, you could be returned to

10  prison for up to two years of any supervised release term

11  imposed on each count, even if the violation occurs close to

12  the end of the supervised period.  That means that if you

13  don't follow the conditions of supervised release, your

14  prison term could be substantially lengthened.

15         Do you understand

16         THE DEFENDANT:  Yes, your Honor.

17         THE COURT:  You also could be subject to a

18  criminal fine, and the applicable statue provides for a

19  maximum fine of up to $250,000 on each count.

20         In addition, the government is seeking criminal

21  forfeiture of property relating to your unlawful conduct

22  charge.  The plea agreement has certain provisions

23  specifically addressing forfeiture, and you have agreed in

24  your agreement to a forfeiture judgment of $10,000 to be

25  paid within the time frame set forth in paragraph 10 of the

1  plea agreement, as well as forfeiture of watches seized by

2  law enforcement officers at the time of your arrest.  You've

3  agreed that you will forfeit all of this property.

4          Do you understand that?

5          THE DEFENDANT:  Yes, your Honor.

6          MS. POKORNY:  Your Honor, may I add something

7  about the fine on count one, the bribery?

8          THE COURT:  Yes.

9          MS. POKORNY:  The fine could be $250,000 or three

10  times the value of the property.

11          THE COURT:  You're actually right.  Do you

12  understand that?

13          THE DEFENDANT:  Yes, your Honor.

14          THE COURT:  Do you have any reason to believe that

15  the amount of the value of the bribe would exceed $250,000?

16          MS. POKORNY:  Yes.

17          THE COURT:  So it means at a minimum, based on

18  wait I'm hearing, you could be subject to a maximum fine in

19  excess of $750,000.

20          THE DEFENDANT:  Yes, your Honor.

21          THE COURT:  You will also be required to pay a

22  special assessment of $100 for each count.  And you may be

23  required to pay restitution.

24          Do you have any estimate on that?

25          MS. POKORNY:  No, your Honor.

1          THE COURT:  Okay.  Would there be any restitution

2     with respect to count one beyond the amount of the bribe?

3          MS. POKORNY:  No.

4          THE COURT:  With count two, would there be

5     restitution to the victim?

6          MS. POKORNY:  Yes.  There could be restitution to

7     the victim's family.

8          THE COURT:  For injuries sustained?

9          MS. POKORNY:  Yes, exactly.

10         THE COURT:  Do you understand that?

11         THE DEFENDANT:  Yes, your Honor.

12         THE COURT:  Last, as I mentioned earlier, you

13    would be subject to removal.  As the plea agreement makes

14    clear, your guilty plea to the two counts in this case, and

15    more particularly the first count, will result in very

16    serious immigration consequences.

17         The removal from the United States -- oh, actually

18    both counts -- is presumptively mandatory with respect to

19    the two charges.  And so you are certain to be removed from

20    the United States, and there's very little likelihood that a

21    non-citizen so removed will be able to obtain any relief

22    from removal or permission to be readmitted into the United

23    States in the future.

24         Do you understand?

25         THE DEFENDANT:  Yes, your Honor.

1          THE COURT:  If after you are sentenced you or your

2    attorney think that the Court has not properly followed the

3    law in sentencing you, you have the right to appeal your

4    sentence to a higher court.  However, by pleading guilty,

5    you will not, except in very limited circumstances, to be

6    able to challenge your judgment of conviction.

7          Do you understand?

8          THE DEFENDANT:  Yes, your Honor.

9          THE COURT:  Do you have any questions you would

10   like to ask me about the charges, your rights, or anything

11   else relating to this matter?

12         THE DEFENDANT:  No, your Honor.

13         THE COURT:  Is everything clear to you?

14         THE DEFENDANT:  Yes, your Honor.

15         THE COURT:  Ms. DeBlasio, do you know of any

16   reason why your client should not enter a plea of guilty to

17   the charges?

18         MS. DEBLASIO:  No.  I know of no reason, your

19   Honor.

20         THE COURT:  Are you aware of any viable legal

21   defenses?

22         MS. DEBLASIO:  No, your Honor.

23         THE COURT:  Mr. Mesa Carrillo, are you ready to

24   plead?

25         THE DEFENDANT:  Yes, your Honor.

1    THE COURT:  How do you plead to the charge in

2 count one of the superceding information; guilty or not

3 guilty?

4    THE DEFENDANT:  Guilty.

5    THE COURT:  How do you plead to the charge in

6 count two of the information?

7    THE DEFENDANT:  Guilty.

8    THE COURT:  Are you making your plea of guilty

9 voluntarily and of your own free will?

10    THE DEFENDANT:  Yes, your Honor.

11    THE COURT:  Has anyone threatened or forced you to

12 plead guilty?

13    THE DEFENDANT:  No, your Honor.

14    THE COURT:  Other than the written agreement

15 marked Court Exhibit 1, which we discussed previously, has

16 anyone made you any promises that caused you to plead

17 guilty?

18    THE DEFENDANT:  No, your Honor.

19    THE COURT:  Has anyone made you any promise about

20 the sentence you will receive?

21    THE DEFENDANT:  No, your Honor.

22    THE COURT:  Then I would like you to describe

23 briefly in your own words what you did in connection with

24 the crimes charged.  Start with count one concerning

25 bribery.

1          THE DEFENDANT:  Having been an officer of the

2    Colombian Police working in a special task force against

3    trafficking, I met a trafficker and I received from him

4    different presents as watches, jewelry, a computer, a car,

5    and cash.

6          THE COURT:  Now, was this task force a task force

7    of the United States?

8          THE DEFENDANT:  We were working in coordination

9    with the DEA and with American Embassy in Colombia.

10         THE COURT:  Did you do anything in return for the

11   property you received?

12         THE DEFENDANT:  In return for the money, I

13   promised not to arrest them and give them information in

14   regards to any investigation that might being conducted.

15         THE DEFENDANT:  Did these transactions with the

16   trafficker take place between January 1, 1995 and January

17   31, 2007?

18         THE DEFENDANT:  Yes, your Honor.

19         THE COURT:  Did any of the transactions involve

20   the Eastern District of New York?

21         MS. POKORNY:  Yes, your Honor.  The drug

22   trafficking organization that the defendant is referring to

23   is one that was under investigation and was indicated in the

24   Eastern District of New York.

25         THE COURT:  Do you agree that the organization

1   that the trafficker was involved in had activities that were

2   conducted in the Eastern District of New York?

3           THE DEFENDANT:  Yes, your Honor.

4           THE COURT:  Tell me what you did in connection

5   with the charge in count two.

6           THE DEFENDANT:  I gave information to the

7   trafficker in the previous charge, information relative to

8   people who were visiting another trafficker who was given

9   information here in the United States.  Knowing that the

10  person to whom I gave that information, it's a person of

11  violence, and who could have taken some retaliatory measures

12  against that person.

13          THE COURT:  Now, let me just make clear.  You

14  provided information about a woman who was providing

15  information to law enforcement?

16          THE DEFENDANT:  I find out that a female is going

17  to travel to the United States possibly to cooperate with

18  another trafficker who was giving information to the

19  American government.

20          THE COURT:  Okay.  And you provided information

21  about this woman who was traveling to the United States?

22          THE DEFENDANT:  Yes, your Honor.

23          THE COURT:  To someone who might retaliate against

24  her?

25          THE DEFENDANT:  I didn't understand.

1          THE COURT:  You said you gave information to

2    someone who might take action against this woman?

3          THE DEFENDANT:  No.

4          THE COURT:  Okay.  Tell me what you --

5          THE DEFENDANT:  I gave information to a Colombian

6    trafficker about the fact that that female could be helping

7    the American government in the future with some information,

8    knowing that the person to whom I gave that information,

9    because this person was a violent person, could have taken

10   retaliation against this female.

11         THE COURT:  Would retaliate against her.  Okay.

12         Now, did this activity take place between January

13   1, 1995 and January 31, 2007?

14         THE DEFENDANT:  Yes, your Honor.

15         THE COURT:  I'll hear from Ms. Pokorny as to the

16   connection with this district.

17         MS. POKORNY:  The trafficker that he provided the

18   information to was then the same trafficker who is charged

19   in the Eastern District of New York.  And I would add to the

20   element of causing bodily injury, that, in fact, that drug

21   organization did kidnap her and during the course of the

22   kidnaping -- attempted kidnaping I should say -- she was

23   killed.

24         THE COURT:  Okay.  Are you able to confirm any of

25   what Ms. Pokorny said about the drug trafficker, that his

1  activities took him to the United States, and more

2  specifically, to this district?

3        THE DEFENDANT:  Yes, your Honor.

4        THE COURT:  Are you aware of the bodily harm

5  caused to this woman as a result of the information you

6  gave?

7        THE DEFENDANT:  No, your Honor.  I found out once

8  I was in the states.

9        THE COURT:  Okay.  Is there anything else?

10       MS. POKORNY:  No, your Honor.

11       THE COURT:  Then based on the information given to

12 me, I find that the defendant is acting voluntarily, that he

13 fully understands the charges in the information, his rights

14 and the consequences of his plea, and there is a factual

15 basis for his guilty pleas to both counts.  I therefore

16 recommend to Judge Johnson to accept Mr. Mesa Carrillo's

17 plea of guilty to the charges in the superseding

18 information.

19       Has there been a sentencing date set?

20       THE CLERK:  Yes, October 21st, 2010 at 9:30, before

21 Judge Johnson.

22       MS. POKORNY:  Thank you, Judge.

23       * * * * * * * * *

24

25

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18     I certify that the foregoing is a correct transcript

19 from the electronic sound recording of the proceedings in

20 the above-entitled matter.

21

22

23

24

25 ELIZABETH BARRON                    August 2, 2010