FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ NOV 21 2011 ★
BROOKLYN OFFICE

# UNITED STATES DISTRICT COURT
Eastern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA <br> v. <br> CARLOS ANDRES MESA CARILLO | ) **JUDGMENT IN A CRIMINAL CASE** <br> ) <br> ) Case Number: 09-CR-0270-SJ <br> ) USM Number: 32574-074 <br> ) Alessandra DeBlasio 40 Exchange Pl NY NY 10005 <br> Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)    one and two of a two-count superseding information.

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s)    The court accepts the plea taken before Magistrate Judge Go on 7/29/2010.
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18USC201(b)(2)(A) and (b)(2)(C) | Bribery of a public official | 1/31/2007 | 1s |
| 18USC1513(b)(2)and(d) | Witness retaliation | 1/31/2007 | 2s |

     The defendant is sentenced as provided in pages 2 through    7    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)    all open underlying indictment    ☐ is    ☑ are    dismissed on the motion of the United States.

     It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

11/17/2011
Date of Imposition of Judgment

/s/(SJ)
Signature of Judge

A TRUE COPY ATTEST
DATE _____ 2011
DOUGLAS C. PALMER
BY _____ CLERK
DEPUTY CLERK

STERLING JOHNSON, JR.,    U.S.D.J.
Name of Judge      Title of Judge

11/18/2011
Date

DEFENDANT:  CARLOS ANDRES MESA CARILLO
CASE NUMBER:  09-CR-0270-SJ

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Thirty-six (36) months on count one and two to run concurrently for a total term of 36 months.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____  ☐ a.m.  ☐ p.m.  on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: CARLOS ANDRES MESA CARILLO
CASE NUMBER: 09-CR-0270-SJ

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

Three (3) years on count one and two to run concurrently for a total term of 3 years.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

- ☐ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

- ☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

- ☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

- ☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

notification is not possible, then within forty eight hours after such change;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: CARLOS ANDRES MESA CARILLO
CASE NUMBER: 09-CR-0270-SJ

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall not possess a firearm; ammunition, or destructive device.

Defendant is to comply with the Order of Forfeiture.

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 3C — Supervised Release

Judgment—Page 4 of 7

DEFENDANT: CARLOS ANDRES MESA CARILLO
CASE NUMBER: 09-CR-0270-SJ

| | Judgment — Page 5 of 7 |
|---|---|
| DEFENDANT: CARLOS ANDRES MESA CARILLO | |
| CASE NUMBER: 09-CR-0270-SJ | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 200.00 | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　　☐ the interest requirement is waived for the　　☐ fine　　☐ restitution.

　　☐ the interest requirement for the　　☐ fine　　☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: CARLOS ANDRES MESA CARILLO
CASE NUMBER: 09-CR-0270-SJ

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☑ Lump sum payment of $ 200.00 due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: CARLOS ANDRES MESA CARILLO
CASE NUMBER: 09-CR-0270-SJ

# ADDITIONAL FORFEITED PROPERTY

SEE ATTACHED FINAL ORDER OF FORFEITURE.

SLR:LDM:CSK
F.#2009R00850/OCDETF #NY-NYE-0421

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

CARLOS ANDRES MESA CARRILLO,

        Defendant.

- - - - - - - - - - - - - - - - -X

FINAL ORDER OF
FORFEITURE

09 CR 270 (S-1)(SJ)

WHEREAS, in the above-captioned case, the defendant CARLOS ANDRES MESA CARRILLO consented to the entry of a forfeiture money judgment in the amount of ten thousand dollars ($10,000) (the "Forfeiture Money Judgment") in United States currency and any and all watches seized by law enforcement agents at the time of the defendant's arrest on April 30, 2009, including but not limited to, one Rolex, one Carrera y Carrera, one Cartier Pasha Seatimer, one Montblanc, one Cartier Santos, one Cartier XXL, on Tag Heur, and One Chopard (collectively the "Forfeited Assets"), pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p) and 28 U.S.C. § 2461, as property which constitutes or is derived from proceeds traceable to an offense, or a conspiracy to commit an offense, constituting a specified unlawful activity, as defined in 18 U.S.C. § 1956(c)(7), and/or as substitute assets; and

WHEREAS, on or about July 29, 2010, the defendant entered a plea of guilty to an information charging violations of

18 U.S.C. §§ 201 and 1513(b)(2); and

WHEREAS, on or about August 24, 2010, this Court entered a Preliminary Order of Forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p) and 28 U.S.C. § 2461, requiring the defendant to forfeit all his right, title, and interest in the Forfeited Assets; and

WHEREAS, legal notice of forfeiture was published in this district on the official government website, www.forfeiture.gov for at least thirty (30) days beginning on February 1, 2011 and ending on March 2, 2011; and

WHEREAS, no third party has filed with the Court any petition or claim in connection with the Forfeited Assets, and the time to do so under 21 U.S.C. § 853(n)(2) has expired;

NOW THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED, as follows:

1. Pursuant to Fed. R. Crim. P. 32.2(c)(2), the Preliminary Order of Forfeiture previously entered by this Court is hereby made a Final Order of Forfeiture.

2. All right, title and interest in the Forfeited Assets is hereby forfeited to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p) and 28 U.S.C. § 2461.

3. The United States Marshals Service and its duly authorized agents and contractors be and the same are hereby directed to dispose of the Forfeited Assets in accordance with all



applicable laws and rules.

4. The United States shall have clear title to any and all payments, tendered in full or in partial satisfaction of the Forfeiture Money Judgment.

6. The United States District Court for the Eastern District of New York shall retain jurisdiction in this case for the purpose of enforcing this Order.

7. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Final Order shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment of conviction.

8. The Clerk of the Court is directed to send, by inter-office mail, five (5) certified copies of this executed Order to Assistant United States Attorney Claire S. Kedeshian, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201.

Dated:   Brooklyn, New York
          November 17, 2011

/s/(SJ)

HONORABLE STERLING JOHNSON, JR.
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK