UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America,<br><br>v.<br><br>Carlos Andres Mesa Carrillo,<br>also known as "Ricardo,"<br><br>Defendant. | Criminal No. 09-270 (SJ)<br><br>PETITION FOR WRIT OF ERROR<br>CORAM NOBIS PURSUANT TO<br>28 U.S.C. § 1651(a) |

## PETITION FOR WRIT OF CORAM NOBIS
## PURSUANT TO 28 U.S.C. § 1651(a)

COMES NOW the Defendant Carlos Andres Mesa Carrillo, by and through undersigned counsel, and files this Petition for Writ of Coram Nobis pursuant to 28 U.S.C. § 1651(a) with Memorandum of Law to be filed, asking this Court to issue an Order reducing the term of imprisonment imposed in this case from 36 months to less than one year. Stating as follows:

### JURISDICTION

1. This Petition for a writ of error coram nobis arises under the All Writs section of the Judicial Code, presently codified at 28 U.S.C. 1651(a).

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1651(a).

### VENUE

3. Venue is proper in this United States District Court because the asserted wrong alleged herein, occurred solely in areas of New York encompassed within the Eastern District of New York. 28 U.S.C. § 1391(e).

## CUSTODY

4.      Defendant is currently in the physical custody of the Metropolitan Detention Center (MDC), Brooklyn, New York, to be released tomorrow, Friday December 9, 2011. Upon his release, the U.S. Immigration and Customs Enforcement (ICE) will take immediate custody of him, following a Detainer ICE issued on December 6, 2011.

## STATEMENT OF FACTS

5.      The facts are stated in the accompanying Memorandum of Law in Support of Petition for Writ of Coram Nobis Pursuant to 28 U.S.C. § 1651(a).

## **CLAIMS FOR RELIEF**

### COUNT ONE
### REDUCE DEFENDANT'S SENTENCE TO AVOID DEPORTATION

6.      Mr. Mesa re-alleges and incorporates by reference paragraphs 1-5 above.

7.      Mr. Mesa seeks to avoid removal and deportation by filing this Petition for a writ of error coram nobis. *See United States v. Ko*, 1999 WL 1216730 (S.D.N.Y. 1999) (unpublished) (granting writ, reducing sentence to 10 months to avoid cooperating Defendant's removal on the basis of "aggravated felon" status) (attached).

8.      On November 17, 2011, this Court granted the government's motion on Mr. Mesa's behalf and imposed a sentence shorter than the Guidelines otherwise advised. Specifically, this Court sentenced Mr. Mesa to a period of incarceration of 36 months.

9.      Mr. Mesa is eligible for release tomorrow, Friday December 9, 2011, having satisfied the sentence by serving more than 31 months' incarceration, given his eligibility for "good time" credit of 54 days per year under 18 U.S.C. § 3624(b)(1).

10. At the sentencing hearing, as well as in his motion pursuant to U.S.S.G. § 5K1.1, government counsel advised the Court that if Mr. Mesa were to return to Colombia following incarceration, he would be killed as a result of his cooperation with the government.

11. On December 6, 2011, an ICE liaison at MDC issued a Detainer for Mr. Mesa for purposes of instituting an action to remove Mr. Mesa to Colombia.

12. Neither government counsel, nor his ICE case agent, requested that ICE issue a Detainer for the Defendant. Rather, they oppose the Detainer and have consistently opposed the removal of Mr. Mesa to Colombia.

13. Upon good faith belief of undersigned counsel, it is government counsel's current position that removal of Mr. Mesa to Colombia will result in his abduction (likely upon arrival at the airport) and his disappearance and murder as a direct result of his extensive cooperation with the U.S. government.

14. Knowingly removing an individual to a country where the government believes it is "more likely than not" that the individual will be murdered is a violation of the Convention Against Torture, which the United States has ratified and to which it is bound.

15. Were it foreseen to this Court at the time of sentencing that ICE would issue a Detainer for purposes of removing the Defendant to Colombia thereby (1) ignoring the threat to the Defendant's life, as set forth in government counsel's § 5K1.1 motion, (2) in contravention of the express will of the prosecuting office to ensure the safety of its cooperating witnesses, and (3) in knowing violation of the Convention Against Torture, this Court would have sentenced Mr. Mesa differently.

16. At the time of sentencing, Mr. Mesa had already served 30 and one half months. Had this Court foreseen the intervention of ICE, this Court could have sentenced Mr. Mesa to less than one year, thereby avoiding his arguable status as an "aggravated felon" under 8 U.S.C. § 1101(43)(F), (R) and/or (S), which has made him subject to an ICE detainer. The grave injustice that will result from his removal to Colombia would have greatly outweighed the need for the additional 21 days of incarceration that Mr. Mesa ultimately received under this Court's original sentence.

## COUNT TWO
### RELEASE OF THE DEFENDANT PENDING THIS COURT'S RULING ON ISSUANCE OF THE WRIT

17. Mr. Mesa re-alleges and incorporates by reference paragraphs 1-16 above.

18. Whether or not the Court ultimately grants this Petition for a writ of error coram nobis and reduces his sentence to less than one year, Mr. Mesa will have completed the terms of his incarceration on Friday December 9, 2011. Therefore, release on December 9 is just and appropriate.

## COUNT THREE
### STAY OF ICE DETAINER PENDING A RULING ON ISSUANCE OF THE WRIT

19. Mr. Mesa re-alleges and incorporates by reference paragraphs 1-18 above.

20. The standard for issuing a stay is similar to the standard for interim injunctive relief, that is the moving party "must show either (1) a probability of success on the merits and the possibility of irreparable harm, or (2) that serious legal questions are raised and the balance of hardships tips sharply in the moving party's favor. Furthermore, the greater the relative hardship to the moving party, the less probability of success must be shown.

21. There is a probability of success on the merits here, and there is more than a possibility of irreparable harm, but rather a strong likelihood of such harm to the Petitioner if ICE is permitted to detain Mr. Mesa and institute removal proceedings.

22. Mr. Mesa merits an order staying the ICE Detainer, pending this Court's ruling on the Petition for writ of error coram nobis.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays that the Court grant the following relief:

1) Grant Defendant immediate release pending decision in this coram nobis proceeding;

2) Grant an Order staying the pending ICE Detainer until resolution of this proceeding;

3) Grant a writ of error coram nobis and reduce Defendant's sentence to less than one year;

4) Grant any other and further relief that this Court deems just and proper.

Dated December 8, 2011

Respectfully submitted,

_____
Alessandra DeBlasio
Counsel for Mr. Mesa
40 Exchange Place, Suite 2010
New York, NY 10005
(212) 321-7084