09-CR-270
11 CV 6007

RECEIVED
IN CHAMBERS OF
HON. STERLING JOHNSON, JR
DEC 12 2011
TIME A.M.____
P.M.____

Judge Johnson,

The government agrees to our Petitions for habeas and for corum nobis. I am communicating with the Court with government's knowledge and by agreement.

We request (and need) both Writs to issue. We believe ~~This Court~~ The Supreme Court has recognized and given District Courts authority to issue writs of corum nobis after completion of a sentence:

"[The District Courts have] power to vacate its judgment of conviction and sentence after the expiration of the full term of service." U.S. v. Morgan, 346 U.S. 502, 503, 512-13 (1954). I have attached a highlighted copy of Morgan.

In Foont v. US., 93 F.3d 76, 79 (2d Cir. 1996), the Second Circuit established a 3-prong test.

Judge Knapp granted a writ of corum nobis "to avoid petitioner's expulsion from this country," Urbina v. U.S., 992 F. Supp. 641, 644 (SDNY 1998).

Judge Haight granted a writ of corum nobis reducing a Petitioner's sentence to less than one year, 2½ years after completion of the sentence. U.S. v. Ko, 1999 WL 1216730 (SDNY 1999).

We need/would very much like the writ to

DKF

issue and the Court to reduce Mesa's sentence to less than one year. In this way, he is not removable as an aggravated felon.

I argue in the <u>habeas</u>, and the government does not oppose the petition, that Mr. Mesa is not an aggravated felon for bribery by a public official and witness retaliation. The government and I have two concerns:

(1) if Congress amends the aggravated felony list and includes bribery by a public official, it is applicable <u>retroactively</u>. That is what happened in Ko, and led J. Haight to reduce the sentence.

(2) ICE attorneys may not agree with my position that Mr Mesa's felonies are not aggravated felonies and they may well appeal a grant of a writ for habeas and we'll have to spend years litigating this case through immigration courts and the Second Circuit.

Therefore, we ask to resolve this now with a reduction in sentence and then granting our habeas on the grounds that ICE no longer has authority to detain & pursue removal.

Respectfully, Alessandro DBL (and Allen Bode)